UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:17-cr-01094-RBH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Andrew Pienkos, II, and | ) | |
| Alexander Tomovski, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Joint Motion to Dismiss the Indictment. *See* ECF No. 90-1. The Government filed a response in opposition, *see* ECF No. 101, and on July 23, 2018, the Court held a hearing on the matter. *See* ECF Nos. 116 & 127.[1] The Court denies the motion for the reasons herein.

## **Discussion**

On November 28, 2017, a federal grand jury indicted Defendants with one count of conspiracy to defraud a health care benefit program, in violation of 18 U.S.C. §§ 1347 and 1349. *See* ECF No. 2. The indictment generally alleges, *inter alia*, that Defendants were chiropractors who defrauded Blue Cross Blue Shield of SC by implementing a financial plan whereby patients would exhaust their health coverage policy limits regardless of medical necessity, "resulting in excessive billing" to BCBSSC. *See id.* The indictment generally alleges Defendants' employees were instructed to bill for time and procedures written on patients' "travel cards" regardless of whether the services were rendered or not or whether the time spent was accurate or not. The indictment further alleges that from 2012 to 2016, "[a]t least 20% of those billings were fraudulent." *Id.* at p. 3. Before indicting Defendants, the grand

---

[1] The parties also submitted—before and during the hearing—various exhibits (including the transcript of Agent Power's testimony before the grand jury), all of which the Court has reviewed. *See, e.g.*, ECF Nos. 104, 114, 124.

jury heard the testimony of FBI Special Agent Neil Power, who testified about Defendants' billing practices and his interviews with Defendants' former employees and patients.

Defendants move to dismiss the indictment, asserting "[t]he Government, through the testimony of S/A Power, made recklessly inaccurate representations to the grand jury during the indictment presentation." ECF No. 90-1 at pp. 5–14. Defendants further assert, "The integrity of the witness summaries themselves is questionable. *See id.* at pp. 15–16. Defendants request that the Court dismiss the indictment with prejudice. *See id.* at p. 22. The Government opposes Defendants' motion and contend Defendants "fail to consider the entirety of SA Power's testimony and the context it provided." *See* ECF No. 101.

"The district court can exercise its supervisory authority to dismiss an indictment for errors in grand jury proceedings only where an irregularity prejudicing the defendant has been shown." *United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir. 1993) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988)). The alleged irregularities in the grand jury proceedings are Powers' purported misrepresentations of (a) witness statements regarding the method of Defendants' billing, (b) the content of billing records, (c) witness statements regarding the type of services received, and (d) the financial plans used by Defendants; and as noted above, Defendants also question the "integrity of the witness summaries themselves." *See* ECF No. 90-1 at pp. 5–16. Specifically, Defendants challenge Power's use of the absolute terms such as "every" and "all" in his testimony, assert these were reckless/inaccurate representations, and contend independent evidence (including billing records and interview summaries of several witnesses) does not support such testimony. *See id.* at pp. 5–11. Defendants further assert Power provided the grand jury with factually erroneous information concerning the billing codes for treatments and withheld exculpatory information from the grand jury.

2

*See id.* at pp. 12–14.

"[A] defendant is entitled to dismissal of an indictment only where actual prejudice is established. In circumstances such as those presently before [the Court] that prejudice must amount either to proof that the grand jury's decision to indict was substantially influenced, or that there is 'grave doubt' that the decision to indict was substantially influenced, by testimony which was inappropriately before it." *United States v. Feurtado*, 191 F.3d 420, 424 (4th Cir. 1999) (quoting *Bank of Nova Scotia*, 487 U.S. at 256); *see also Bank of Nova Scotia*, 487 U.S. at 263 ("The prejudicial inquiry must focus on whether any violations had an effect on the grand jury's decision to indict."); *United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993) (discussing *Bank of Nova Scotia*).[2]

Here, the Court concludes Defendants have not shown any actual prejudice. Although Power initially testified in general terms about Defendants' billing practices and used language such as "every time" and "all the [employees] we interviewed" when summarizing the facts, he subsequently resolved any ambiguity when explaining how he arrived at the percentage listed in the indictment. Specifically, Power explained the indictment charged 20% in fraudulent billings and that this "low end" figure accounted for the varying percentages given by different witnesses. By giving this explanation, Power clarified that not all claims were fraudulent, and the indictment in fact alleges "20%"—**not** "100%"—of

---

[2] *See also United States v. Outlaw*, 464 F. App'x 165, 167 (4th Cir. 2012) ("A court may exercise its supervisory power to dismiss an indictment because of misconduct before the grand jury if the misconduct 'amounts to a violation of one of those few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions.' *United States v. Williams*, 504 U.S. 36, 46 (1992) (internal quotation marks and citation omitted). If a defendant establishes such a violation, dismissal of an indictment is only warranted if the violation resulted in prejudice to the defendant. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). Such prejudice may be shown 'only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations.' *Id.* However, 'the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment.' *Id.* at 261; *Costello v. United States*, 350 U.S. 359, 363–64 (1956) (holding that '[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged "on the ground that there was inadequate or incompetent evidence before the grand jury')." (alteration in original)).

3

the billings were fraudulent. Notably, the Supreme Court in *Bank of Nova Scotia* rejected a challenge similar to that made by Defendants (i.e., a challenge to the agent's summaries to the grand jury):

> The District Court found that, to the prejudice of petitioners, IRS agents gave misleading and inaccurate summaries to the grand jury just prior to the indictment. Because the record does not reveal any prosecutorial misconduct with respect to these summaries, they provide no ground for dismissing the indictment. The District Court's finding that the summaries offered by IRS agents contained evidence that had not been presented to the grand jury in prior testimony boils down to a challenge to the reliability or competence of the evidence presented to the grand jury. We have held that an indictment valid on its face is not subject to such a challenge. *United States v. Calandra*, 414 U.S. 338, 344–345 (1974). **To the extent that a challenge is made to the accuracy of the summaries, the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment.** *See Costello v. United States*, 350 U.S. 359, 363 (1956) (holding that a court may not look behind the indictment to determine if the evidence upon which it was based is sufficient).

487 U.S. at 260–61 (emphasis added).

Moreover, as the Government points out, significant other portions of Power's testimony are not challenged by Defendants and provided a sufficient basis on which the grand jury could return an indictment. *See* ECF No. 101 at pp. 13–15 (summarizing the unchallenged testimony). Finally, the Court rejects any argument by Defendants that the Government should have presented exculpatory evidence to the grand jury. *See United States v. Williams*, 504 U.S. 36, 52 (1992) (holding the prosecutor does not have "a legal obligation to present exculpatory evidence" to the grand jury). In sum, the record does not show that Power's alleged "recklessly inaccurate representations" substantially influenced the grand jury's decision to indict or that there is "grave doubt" about their decision. *See*

*Bank of Nova Scotia*, 487 U.S. at 256.[3]

## **Conclusion**

For the foregoing reasons, the Court **DENIES** Defendants' [90] Joint Motion to Dismiss the Indictment.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
July 24, 2018  R. Bryan Harwell
 United States District Judge

---

[3] In their reply brief, Defendants argue that in addition to Power's testimony, the Government made additional inaccurate statements to the grand jury mirroring Power's alleged misrepresentations. *See* ECF No. 114 at p. 6. This argument fails for the same reasons explained above.